STATE OF MINNESOTA, *ex rel.* John H. Kemerer, *vs.* CHARLES E. GUR-
LEY.

## November 28, 1887.

**Constitution—Special Act Detaching City from Township.—**A special
law of 1887, detaching the city of Ortonville from the township of Orton-
ville, *held* not unconstitutional, it not appearing that it had the effect of
depriving the people of the opportunity of holding the general town elec-
tion for that year.

**Municipal Corporation—City Assessor.—**The city after being so detached
was entitled to have its own assessor, and the assessor of the township is
not entitled to discharge the duties of city assessor.

*Quo warranto.*

*Moses E. Clapp,* Attorney General, *J. J. Whitemore,* and *Lyman R.
Jones,* for relator.

*Cliff & Crawford,* for respondent.

DICKINSON, J.    *Quo warranto,* upon the petition of the relator, who,
being the assessor of the town of Ortonville, claims by virtue of that
office to be also the lawful assessor of the city of Ortonville.    Sp. Laws
1881, *c.* 33, is entitled "An act to incorporate the city of Ortonville in
the counties of Big Stone and Lac qui Parle."    By its terms certain
designated territory "is hereby set apart and incorporated as the city
of Ortonville, under the provisions of chapter 139 of the General Laws
for 1875," (the general law for the incorporation of villages;) and
certain persons were designated as commissioners to carry out the
provisions of section 9 of that act of 1875.    Some special provisions
were made by the act of 1881, respecting the offices of city marshal
and city justice, the powers of the city council, and some other mat-
ters.    Section 8 provides that nothing in the act shall change or af-
fect the township organization of the township of Ortonville, except
as provided in the above act of 1875 ; that the city should continue
to be a part of that township, and that the said township should be,
as heretofore, one election district for all purposes not in conflict with
the provisions of this act; that the township and general elections
might be held in the city, and that the qualified voters of the city

should be qualified voters of said township. Sp. Laws 1887, *c.* 302, expressly repealed the above section 8, and in terms separated and set apart from the township of Ortonville the territory within the city, and declared the same to be a separate and distinct corporation for all corporate purposes. Through the legislation above referred to, and the organization effected under it, this municipality became in-corporated as a city; its corporate charter being the village act of 1875, as modified by the special provisions contained in the act of 1881.

If the act of 1887, repealing section 8 of the act of 1881, and de-taching the city from the town, was valid, it entitled the city to have an assessor, and the claim of the relator that by virtue of being the assessor of the town he was also the assessor of the city, cannot be sustained. Each township is required to elect one assessor, (Gen. St. 1878, *c.* 10, § 14,) and each incorporated city shall have and exercise within its limits, in addition to its other powers, the same powers con-ferred by this chapter upon towns. Id. § 112.

It is claimed, upon the authority of *State* v. *Fitzgerald, ante,* p. 26, that this act of 1887 was unconstitutional for the reason that it in effect deprived the electors of the town of an opportunity to hold a town meeting and to vote, in 1887. The relator cannot be sustained in this, for it does not appear that the town meeting for 1887 had not been appointed to be held, as it might have been, in the township out-side of the limits of the city. The city charter makes sufficient pro-vision for all city elections. The other grounds upon which this act is claimed to be unconstitutional are clearly untenable. These grounds are, in brief, that it contravenes the constitutional prohibition of spe-cial legislation granting corporate powers or privileges, except to cities; that it embraces more than one subject; that it, in effect, di-vides an organized township, and that it is opposed to general stat-utory provisions.

It not appearing that the relator is entitled to the office, judgment will be for the respondent.

An application for a re-argument was denied on December 21, 1887.